IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00944-MSK-KMT

RONALD B. GRASSI and
DEBRA GRASSI,

       Plaintiffs,

v.

CORRECTIONS CORPORATION OF AMERICA,

       Defendant.

_____

**OPINION AND ORDER GRANTING, IN PART, MOTION FOR
REVIEW OF TAXATION OF COSTS**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Review Taxation of Costs **(# 96)**, the Plaintiffs' response **(# 104)**, and the Defendant's reply **(# 107)**.

The Court granted summary judgment to the Defendant on all claims by the Plaintiffs in an Order **(# 84)** dated December 9, 2008. The Defendant filed a Bill of Costs and on January 13, 2009, the Clerk of the Court taxed costs in favor of the Defendant in the amount of $ 1,487.15. In the instant motion, the Defendant requests that the Court review two items of costs that the Clerk of the Court refused to tax: $ 649.45 for the cost of obtaining the transcript of Plaintiff Debra Grassi's deposition, and $ 677.18 in costs for obtaining and photocopying various documents.

28 U.S.C. § 1920 allows the Court to tax as costs certain items, including the deposition transcript and document costs claimed here, if those items were "necessarily obtained for use in

the case." The Court does not assess the necessity of a certain item retrospectively; rather, the Court must assess whether that item was "necessary" – in juxtaposition to items that were obtained simply for "the convenience of counsel" – on the particular facts and circumstances existing at the time the expense was incurred. *In re Williams Securities Litigation - WCG Subclass*, 558 F.3d 1144, 1147-48 (10th Cir. 2009). Although materials actually presented to and considered by the Court in resolving the case will almost always be taxable, materials that were not essential to the disposition of the action can still be the subject of an award of costs, so long as those materials were reasonably considered necessary for proper preparation of the case at the time they were obtained. *Id.* at 1148. Thus, costs can be taxed for materials that were reasonably and necessarily obtained in anticipation of trial, even though the case was later resolved on a dispositive motion and the trial materials were never put to use. *Id.*

Here, the Court finds that the deposition of Ms. Grassi was "necessarily obtained" in anticipation of trial in this case. At the time the deposition was taken, Ms. Grassi was a named party to the case, asserting individual claims for damages that she claimed to have suffered. Had the case proceeded to trial, Ms. Grassi would have had to testify in support of those claims and one can reasonably expect that, had her testimony deviated from that given at her deposition, the Defendant would have sought to impeach her with the transcript of that deposition. Although the Court does not necessarily suggest that the costs of transcribing the depositions of named parties will <u>always</u> be taxable to the prevailing party,[1] it cannot say that in the circumstances here, it was unreasonable for the Defendant to obtain the transcript of Ms. Grassi's deposition in anticipation

---

[1] *See e.g. Crandall v. City and County of Denver*, 594 F.Supp.2d 1245, 1249-50 (D. Colo. 2009).

of her pursuing her claim for loss of consortium to trial. Notably, the Plaintiffs' response to the instant motion does not offer any meaningful argument that transcribing Ms. Grassi's deposition was somehow unreasonable. Rather, the Plaintiffs' response consists almost entirely of an assertion that the costs are not taxable because the deposition was not cited in the parties' summary judgment briefing. As *Williams Securities Litigation* makes clear, that is not the standard by which necessity is judged. *Id.* at 1148, 1149 (rejecting "any rule that permits costs only for depositions . . . used by the court in ruling upon a motion for summary judgment").

The Plaintiffs make a fleeting argument that the costs claimed for Ms. Grassi's deposition are excessive. The Court may decline to tax otherwise appropriate items of costs when the amount sought is unreasonably high. *Williams Securities*, 558 F.3d at 1150-51. The Plaintiffs' contention that the cost of Ms. Grassi's deposition transcript is excessive is limited to a single assertion that the deposition "covered matters well beyond the scope of her claims in this matter." The Plaintiffs do not point to particular areas of the deposition that exemplify this contention, nor even identify the subject areas that they contend were extraneous.

The Court notes that the costs of Ms. Grassi's deposition ($ 649) are somewhat similar to the costs taxed by the Clerk with regard to the deposition of Jere Sutton, a former Defendant in this action ($ 510). Moreover, the Court notes that the Plaintiffs' summary judgment response included a three-page, single-spaced affidavit from Ms. Grassi, attesting to a variety of substantive facts **(# 59)**. In light of the extensive factual knowledge claimed by Ms. Grassi in this affidavit – assertions that the Defendant would have been entitled to explore when deposing her – the Court cannot say that the costs claimed by the Defendant for Ms. Grassi's deposition are unreasonable. Accordingly, the Court awards the Defendant $ 619.45 in additional costs for

the deposition of Ms. Grassi.

The Defendant also requests taxation of costs for obtaining and copying various documents. Specifically, the Defendant seeks: (i) $ 213.97 for "medical records from Avery"; (ii) $ 43.09 for "Plaintiff's DOC inmate file"; and (iii) two separate entries, each for $ 210.06, for each of the Plaintiffs' tax returns from 2002-2006. The Court summarily rejects the Defendant's request regarding the inmate file and tax return documents on the grounds that the record does not reflect invoices setting forth the payment of these costs by the Defendant. *See Docket* # 87, Ex. A (receipts submitted by Defendant in conjunction with Bill of Costs). It is the Defendant's burden to establish its entitlement to a particular item of costs, *Williams Securities*, 558 F.3d at 1148, and in the absence of receipts or an affidavit attesting to the Defendant having incurred these costs, the Court finds that the Defendant has failed to carry its burden on these items.

The record reveals that the Defendant paid $ 198.64 to the Plaintiffs' counsel for copies of medical records and photographs relating to the Plaintiffs. *Docket* # 87, Ex. A at 1, 2. The Clerk of the Court denied the Defendant's request for taxation of these costs on the grounds that the costs reflecting "disclosure/discovery, not awardable." Guided by *Williams Securities*, as discussed above, this Court finds the Clerk's conclusion to be in error. Although Mr. Grassi's medical records were not necessary for resolution of the summary judgment motion, there can be little argument that, had the case gone to trial, evidence regarding the medical treatment received by Mr. Grassi would have been important evidence as to both substantive liability and damages. The record reveals that the Defendant obtained the documents in September 2007. At that time, when the Plaintiffs' claims were still viable and being vigorously pursued, obtaining Mr.

Grassi's medical records was undoubtedly necessary. Accordingly, the Court taxes an additional $ 198.64 as costs to the Defendant.

For the foregoing reasons, the Defendant's Motion to Review Taxation of Costs **(# 96)** is **GRANTED IN PART**, insofar as the Court finds that an additional $ 848.09 in costs are properly taxable against the Plaintiffs under 28 U.S.C. § 1920, and **DENIED IN PART** with regard to the remaining items sought by the Defendant. The Clerk's taxation of costs **(# 93)** is **DEEMED AMENDED** to include the additional $ 848.09 discussed here.

Dated this 30th day of April, 2009

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge